Tom ALLEN and Nellie Allen, H. L. Mitchell and Nora Mitchell, Hugh Cochran and Opal Cochran, William Brisch and Chadna Brisch, Appellants,

v.

Glenn ROAM, Arthur Collier and Everett Kissinger, Members of the County Court of Pulaski County, Missouri, and Harold G. Burnett, County Collector of Pulaski County, Missouri, Respondents.

No. 7611.

Springfield Court of Appeals.

Missouri.

Jan. 8, 1958.

Claude T. Wood, Richland, T. A. Shockley, Waynesville, for appellants.

Arthur B. Cohn, Wayne W. Waldo, Waynesville, for respondents.

McDOWELL, Judge.

Plaintiffs-appellants, resident taxpayers of Pulaski County, Missouri, for themselves and other taxpayers, bring this injunction action against the Collector of Revenue and Judges of the County Court of said County to enjoin the Collector from collecting or attempting to collect taxes levied for the year 1956 and seeking a mandatory injunction against the County Court

commanding them to revise and lower the rate of levy on all real and personal tangible property in Pulaski County so as to produce substantially the same amount of taxes as previously estimated to be produced by the original levy. The trial court denied relief and dismissed plaintiffs' petition. Plaintiffs appeal.

The petition alleges that the assessed valuation of real and personal property within the County of Pulaski was increased more than ten per cent over the prior years' valuation by the State Tax Commission after the rate of levy had been determined and levied by the County Court and other bodies legally authorized to make such levy and certified to the County Clerk for the year 1956; that after such increase in the valuation by the Tax Commission it was mandatory that the County Court and other bodies legally authorized to make levies immediately revise and lower the rates of levy to the extent necessary to produce from all taxable property substantially the same amount of taxes as previously estimated to be produced by the levy, but that said taxing authorities failed to revise and lower the rates as required by law.

The petition asked the court to enjoin the Collector from collecting the tax for 1956 because it is illegal and void, being based upon the original levy made by the taxing authorities of Pulaski County prior to the increase of valuation made by the State Tax Commission. It also asked for a mandatory injunction commanding the County Court to revise and lower such rates for the taxable year 1956.

The answer admits that defendants are the duly elected Collector and members of the County Court as alleged but deny all other allegations in the petition.

When the cause was argued before this court the attorneys for appellants admitted that the proof failed to show facts necessary to constitute a class action as contended by respondents. Appellants further conceded that they are not entitled to a mandatory injunction against the members of the County Court as asked for in their petition.

It is further admitted that appellants, Hugh Cochran, Opal Cochran, William Brisch and Chadna Brisch have, since the filing of this suit, paid their taxes and no longer have an interest in the subject matter of the action. Nellie Allen has, since the trial of this cause, died, leaving only as interested parties in the appeal, Tom Allen, H. L. Mitchell and Nora Mitchell.

The only issue before this court is whether or not the trial court's judgment denying relief to appellants is supported by the evidence.

The records of the County Court were offered in evidence and show that the Court, by its order made at the May Term, on June 11, 1956, set tax rates for 1956 on all real and personal property for general revenue purposes at fifty cents on the $100 valuation; thirty-five cents for special road and bridge purposes.

The court put in its order that these rates were made with the understanding that the assessed valuation on town and farm property would be increased by the State Tax Commission for the year 1956, fifty per cent, and a letter was offered in evidence to that effect. This record, likewise, disclosed that the other taxing bodies had certified to the County Clerk the rate of levies made prior to the date the State Tax Commission had certified an increase in the assessed valuations of real and personal property.

The record shows that the valuation for the year prior to 1956 was $6,138,600; that the increased valuation certified by the Tax Commission in July, 1956, raised the total assessed valuation to $8,815,578. This increase was received by the County Court July 5, 1956.

The County Clerk testified:

"Q. Now, at the time the County Court fixed these levies, and the Health Center Board, and the Hospital Board, and all of

the school districts, the total valuation of this county was 6,138,600, as turned in by the Assessor, is that right? A. That is right.

"Q. And certified by you to the State Tax Commission? A. That is right.

"Q. Then it's true, isn't it, Mr. Farmer, that every rate that's on the tax book was certified to you prior to July the 5th, 1956? A. That is right.

"Q. That's right. Now, did the County Court, or any school district, or city in this county, after you received this increase, was there any revision of rates made by any of the taxing bodies in this County? A. No."

Appellants' exhibit No. 1, offered in evidence, is a certified copy by the Secretary of the State Tax Commission, which was dated July 5, 1956, and mailed to the County Clerk of Pulaski County. This exhibit shows the increase in the valuation for taxable purposes on all lands in such county at fifty per cent; town lots fifty per cent; neat cattle five per cent; hogs twenty per cent; motor vehicles, trucks, airplanes and motorcycles, sixty-five per cent.

The respondents' testimony was to the effect that the County Court, at the time of fixing the rates of levy, had notice that the assessed valuations would be raised fifty per cent and had considered such information at the time the levy was made. However, the evidence showed the court levied the full constitutional limit and, for that reason, did not comply with the law as set out in § 1, Laws of Missouri, 1955, p. 835, which provides that "Whenever the assessed valuation of real or personal property within the county has been increased by ten per cent or more over the prior year's valuation, either by an order of the state tax commission * * *, and such increase is made after the rate of levy has been determined and levied by the county court, city council, school board, township board or other bodies legally authorized to make levies, and certified to the county clerk, then such taxing authorities shall immediately revise and lower the rates of levy to the extent necessary to produce from all taxable property substantially the same amount of taxes as previously estimated to be produced by the original levy. * * *"

It is clear from the evidence in this case that the County Court and other taxing authorities in Pulaski County fixed the rate of levy for the various bodies prior to the date of increased valuation by the State Tax Commission; that they have wholly failed to comply with the law as above set out and that the taxes levied for 1956 are illegal.

There seems to be no dispute that injunction is the proper remedy to prevent the collecting of illegal taxes. Boonville Nat. Bank v. Schlotzhauer, 317 Mo. 1298, 298 S.W. 732, 55 A.L.R. 489; Bowman v. City of East Prairie, Mo.App., 240 S.W.2d 203.

Under the evidence appellants, who are the interested parties to this action, are the only ones entitled to relief in this action.

It is the order and judgment of this court that the judgment of the trial court dismissing appellants' petition be, and the same is hereby set aside and that judgment be entered in favor of Tom Allen, H. L. Mitchell and Nora Mitchell, enjoining the Collector of Revenue of Pulaski County from collecting taxes levied against the real and personal property of said appellants for the year 1956. So ordered.

STONE, P. J., and RUARK, J., concur.